VanDyke *vs.* Martin *et al.*

---

M. H. VanDyke, plaintiff in error, *vs.* Beverly A. Martin *et al.*, defendants in error.

There was no error in the refusal to grant the injunction in this case.

Injunction.   Before Judge Knight.   Lumpkin county. At Chambers.   January 7th, 1874.

VanDyke filed his bill against Martin and Satterfield, sheriff of Lumpkin county, making, substantially, the following case :

On August 7th, 1860, one William Martin represented to complainant that he owned an one-fourth undivided interest in a certain lot of land in Lumpkin county, and could find the person who held the title to the other three-fourths. Desiring to purchase said land, in consideration that Martin would give to him his bond for titles to said one-fourth interest, conditioned to make to him a title to the same within nine months thereafter upon the payment of the purchase money, and that Martin would get up and procure to be made a like good warranty title to the remaining three-fourths interest, when he could, or within the time hereinbefore specified, if complainant would pay for the same, he, together with one Benjamin Hamilton, executed two promissory notes, each for $500 00, payable to said Martin, or bearer. He expressly stated to said Martin, at the time of said purchase, that he did not desire the one-fourth interest unless he could also procure the other three-fourths.

The bond referred to was executed on the day and year aforesaid, conditioned to make to complainant a warranty title to said one-fourth interest, "provided said VanDyke pays me five hundred dollars (for which a note is given,) within nine months from this date."

Martin never procured said title to said whole lot of land, nor tendered such title to complainant as he was bound to do. Nor did he make or tender to complainant any title to any part or portion of said lot, wherefore said contract became void.

In the year 186..., long after the maturity of said notes, and long after said contract had become void by its own terms, one of said notes came into the possession of the defendant, Beverly A. Martin, and was by him sued to judgment against complainant and Hamilton in the superior court of Lumpkin county. An execution issued upon said judgment, which has been levied upon the property of complainant. The note upon which said judgment was rendered was as follows :

"$500 00.  Six months after date, we or either of us promise to pay William Martin or bearer five hundred dollars, for services already rendered.  1st August, 1860.

Given under our hands and seals.

(Signed)        M. H. VanDyke,        [L. S.]
                Benjamin Hamilton, [L. S.]"

"Nov. 6th, 1866.    Received $200 00.
        (Signed)            Bev. A. Martin."

"Nov. 10th, 1866.    Cr., by cash, $100 00.
        (Signed)            B. A. M."

Soon after the late war complainant's house was searched and rifled by the Federal soldiers, his papers scattered and many destroyed.  Under these circumstances the aforesaid bond for titles was lost for several years, and was only found some twelve or eighteen months ago.  In the interval, the action upon the note aforesaid came on for trial, and on account of the loss of said bond complainant was deprived of the defense now sought to be set up.

Said notes were given cotemporaneously with said bond, but at the request of Martin the note sued on was dated on another day, and purported to be for services rendered, he stating that he did not desire the other parties at interest in said land to know what amount of money he was obtaining for his interest in the same.

Prayer, that the sale under said levy be enjoined; that the aforesaid judgment and execution be set aside; that the writ of subpoena issue.

The allegations of the bill were supported by the affidavit of Benjamin Hamilton.

The defendants showed for cause why said injunction should not be granted, substantially, as follows:

At the trial term of the case referred to in said bill, complainant testified that he was but the security on said note, and judgment was rendered accordingly.  The execution based thereon was levied on certain property as belonging to

Hamilton. A claim was filed thereto by John Vanness, of New York, complainant being the security upon the bond. This claim was dismissed on May 20th, 1869. At the September term, 1869, a motion for a new trial was made upon several grounds, and amongst them that of newly discovered evidence, covering the facts now presented by complainant's bill. The motion was overruled. At the September term, 1871, a motion was made to open the judgment on numerous grounds. This proceeding was dismissed at the April term, 1872. An affidavit of illegality was filed by Hamilton, on the ground that the taxes had not been paid. This was dismissed in 1872. A similar affidavit was filed by complainant, which met the same fate in August, 1872.

Hamilton filed a bill returnable to the September term, 1870, against Harrison, sheriff of Lumpkin county, M. H. VanDyke and Beverly A. Martin, in which he charges that VanDyke alone, in 1860, made a verbal contract with William Martin for a three-fourths interest in a lot of land in Dawson county, for which VanDyke gave his note for $500 00, he, Hamilton, signing as security—charges Van-Dyke with fraud and insolvency, and prays an injunction solely on the ground that he was security.

William Martin is dead, and therefore complainant and Hamilton are incompetent witnesses as to the contract embraced in the note sued on.

The injunction was refused, and complainant excepted.

WIER BOYD, by brief, for plaintiff in error.

W. P. PRICE, for defendant.

TRIPPE, Judge.

The judgment sought to be enjoined was obtained in April, 1869. Both the parties to the note confessed judgment. The complainant having sworn that he was only security, judgment was accordingly so taken. Since that time, some seven or eight efforts have been made by affidavits of illegality,

affidavits under the relief laws, and by injunction, to resist the collection of the debt. Now an injunction is asked, on grounds contradicting the note, the bond for titles, and in conflict with several of the proceedings heretofore instituted, and the affidavits on which they were founded. Under the facts, the chancellor did not err in refusing to add another injunction to the vast mass of litigation that has already arisen in the case. We see no ground for granting it. The debtors paid a large portion of the debt in 1866, several years after the death of the payee.

Judgment affirmed.